WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and JAMES H. WINSTON, of counsel.

FRANCIS A. McDONNELL and MUNSON T. CASE, for appellee; ARBA N. WATERMAN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

RAILROADS, § 738*—*when recovery for death of pedestrian at street crossing not sustained by evidence.* In an action against a railroad company for the wrongful death of plaintiff's intestate where the facts showed that the deceased and another girl attempted to cross the defendant's tracks at a street crossing when the gates were down and that the deceased was struck by a train, *held* that the evidence was insufficient to show that the deceased was in the exercise of due care for her own safety and that a verdict for plaintiff could not be sustained.

---

## Mayer J. DeZeichner, Defendant in Error, v. Lamm & Company, Plaintiff in Error.

### Gen. No. 19,385.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed May 19, 1914.

## Statement of the Case.

Action by Mayer J. DeZeichner against Lamm & Company, a corporation, to recover salary due as a designer of men's clothing in defendant's factory. The defense was that plaintiff was discharged for in-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

competency. There was a trial before the court and a finding and judgment entered in favor of plaintiff for $5,849.98. To reverse the judgment, defendant prosecutes a writ of error.

The suit was based upon the following contract of employment:

"AGREEMENT made and entered into this first day of June, A. D. 1911, by and between Lamm & Company, a corporation doing business in the City of Chicago, party of the first part, and Mayer J. DeZeichner, now of the City of Chicago, party of the second part, WITNESSETH:

WHEREAS, the party of the first part is engaged in the business of manufacturing and dealing in men's clothing and has a factory at the City of Chicago, and is desirous of employing the party of the second part as a designer and manufacturer, and

WHEREAS, the party of the second part is a designer and manufacturer of men's clothing and is desirous of entering the employ of the party of the first part,

Now, THEREFORE, THIS AGREEMENT WITNESSETH: That for and in consideration of the sum of One Dollar, lawful money of the United States, the receipt whereof is hereby acknowledged, and in further consideration of the mutual covenants and conditions hereinafter expressed, the parties to these presents agree:

FIRST: The party of the first part hereby engages the services of the party of the second part as a designer and manufacturer in the business conducted by it for a period of one year from the date of this agreement, that is to say up to May 31, 1912, and for such further time as is hereinafter provided for.

SECOND: The party of the second part hereby accepts such employment and agrees to devote his entire time, skill, energy and attention and the best of his ability as such designer and manufacturer in the business of the party of the first part.

THIRD: The party of the second part, during the time of his said employment, shall have full and exclusive charge of the mechanical branch of the busi-

ness of the party of the first part; shall have full and exclusive charge of the designing and cutting and manufacturing of the men's clothing; shall originate the styles and designs, and in creating styles shall take into consideration the suggestions as to weave and style made by the party of the first part.

FOURTH: The party of the first part shall furnish to the party of the second part all facilities required by the party of the second part in the performance of his said duties, and the party of the second part shall have full and exclusive authority to engage or discharge such employees as may be necessary to be employed in the manufacturing department of the party of the second part, due regard always being had to the welfare and best interests of the party of the first part.

FIFTH: As and for compensation for the services so to be rendered by the party of the second part to the party of the first part, the party of the first part agrees to pay to the party of the second part the sum of Ten Thousand Dollars ($10,000.00) per annum, payable in equal monthly installments of Eight Hundred Thirty-three Dollars and Thirty-three Cents ($833.33) on the first day of each month, the first installment to be paid to the party of the second part the first day of July, 1911.

SIXTH: The party of the second part shall be allowed vacation for a period not exceeding two weeks in the aggregate, whenever the condition of the business of the party of the first part may warrant his so taking vacation. No deduction is to be made from the salary of the party of the second part on account of such vacation.

SEVENTH: At the expiration of the term of one year, the said employment shall not terminate but this agreement shall continue in force and effect thereafter, subject, however, to the right of either party to terminate said employment by giving to the other party three months' previous notice in writing of its or his intention so to terminate the same, and said employment shall terminate at the end of three months from the time of giving notice.

IN WITNESS WHEREOF," etc.

SIMON LA GROU, for plaintiff in error.

DANIEL P. TRUDE, THOMAS J. PEDEN and ROY C. MERRICK, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 82*—*admissibility of evidence to show incompetency of employe.* In an action against a manufacturer of men's clothing to recover salary due plaintiff as a designer, where the defense was that plaintiff had been discharged for incompetency, rejection of the testimony of retail dealers, as to the character of the clothing received by them while plaintiff was in defendant's employ, offered to show plaintiffs incompetency *held* error, it appearing under the terms of the contract that plaintiff was to act not only as designer but also to have charge of the mechanical branch of the business, with authority to engage or discharge employes.

2. MASTER AND SERVANT, § 30*—*when incompetency ground for discharge.* In contracts for personal services, the incompetency of the employe to perform the services which he has undertaken, is a sufficient ground for discharge, though he was hired for a definite period.

---

## Robert Porter by Cora Porter, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 19,449.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed. Opinion filed May 19, 1914.

### Statement of the Case.

Action by Robert Porter, a minor, by Cora Porter, his next friend, against the Chicago City Railway

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.